Essex County Circuit Court.

LOUIS J. SINGER, TRADING AS MODERN FACTORS, PLAIN-
TIFF, v. MURRAY HOLDING COMPANY, DEFENDANT.

Decided March 24, 1944.

For the plaintiff, *Max L. Rosenstein* (*George H. Rosenstein,* of counsel).

For the defendant, *Kessler & Kessler* (*Samuel I. Kessler* and *William L. Vieser,* of counsel).

WILLIAM A. SMITH, C. C. J. This action in replevin was submitted to the court for trial without a jury on a written stipulation of facts, and the court, in hereby determining this action, finds the facts as they are stated in the stipulation of facts.

The defendant, Murray Holding Company, is the landlord of certain leased factory premises which it leased to the Austin Hat Company on or about January 1st, 1941, as tenant, for the term of one year at a monthly rental of $160 payable on the first of each month in advance. The lease was renewed for the second year commencing January 1st, 1942, at a monthly rental of $175. On October 30th, 1941, the tenant gave a chattel mortgage on its machinery to the plain-

tiff, which chattel mortgage covered by its description the goods taken by the plaintiff in this replevin.

At the time the chattel mortgage was given the rent due October 1st, 1941, was unpaid, but it was subsequently paid on November 5th, 1941, and before the proceedings to foreclose under the chattel mortgage were taken. On January 8th, 1942, the plaintiff caused notice to be given of proceedings to foreclose under the chattel mortgage, which proceedings were prosecuted to sale to the plaintiff on January 21st, 1942. On or about January 9th, 1942, there being rent unpaid to the defendant in the sum of $495, the defendant exercised its lien under *R. S.* 2:60–229; *N. J. S. A.* 2:60–229, and took proceedings resulting in a sale to it on January 27th, 1942.

These proceedings in replevin were instituted on January 27th, 1942, resulting in the possession being delivered to the plaintiff pursuant to the replevin action. The defendant in this action files its counter-claim for the unpaid rent, alleging priority by reason of its lien under the statute, *R. S.* 2:60–229; *N. J. S. A.* 2:60–229, and the question now at issue for determination of the court is whether the statute in question gives priority to the defendant's claim for rent over the lien of the chattel mortgage.

The plaintiff contends that the rent for which the lien is claimed and for which the counter-claim is brought, having accrued subsequent to the making of the chattel mortgage (the unpaid rent due at that time having subsequently been paid) that a proper construction of the statute under which the defendant invokes its lien is to limit the defendant's lien to the extent of the tenant's interest in the property covered by the replevin and as not prior to paramount to the lien of the plaintiff chattel mortgage. The statute in question reads as follows, *R. S.* 2:60–230; *N. J. S. A.* 2:60–230:

"A rentor shall be entitled to a lien on machinery and other chattels to the extent of the rentee's interest therein for the amount of unpaid rent, from the date the rent is unpaid.

"Such lien hereby created shall have priority and be paramount to any title, lien, interest, mortgage, judgment or other

encumbrance created or acquired after machinery or other chattels are placed in the premises. Such priority shall extend only to the amount of unpaid rent for not more than six months."

It is true that the first paragraph of this section states that the renter's (meaning landlord's) lien is limited to the extent of the rentee's (meaning tenant's) interest in the property. But the second paragraph specifically. provides that such lien shall have priority and be paramount to any title, deed, interest, mortgage, judgment, or other encumbrance created or acquired after the machinery or other chattels are placed on the premises.

It is my view, therefore, that the proper construction of the entire section is to give a lien for not more than six months unpaid rent in favor of the landlord and prior to any chattel mortgage that the tenant places upon the property after such property is placed in the demised premises. To limit the lien to the extent of the rentee's interest in the property placed on the demised premises would fail to give effect to the express provisions of the second paragraph of this section.

The reference in the first paragraph of 2:60–230 limited the lien of the landlord (renter) to the tenant's (rentee's) interest in the machinery or other chattels, is very necessary to protect property other than the tenant's that may be brought on the demised premises, as distinguished from property that the tenant owns or has an interest in, and for the protection of lienors and others having an interest in property brought on the premise by the tenant where the liens or interest in the property existed at the time the property was brought on the premises.

It is true that the statute in question, which was originally chapter 237 of the laws of 1933, has a preamble reading as follows:

"WHEREAS, It is the practice of some manufacturers to rent space in a mill, factory or other building to manufacture machinery or other chattels of one kind or another and when they find they owe the landlord several months rent to

place a chattel mortgage on machinery or other chattels after the rent is overdue and to the great prejudice of the landlord's interest * * *."

But it is my view that this preamble does not limit the clear terms of the statute itself.

I will therefore find a judgment in favor of the defendant on the plaintiff's replevin action and a judgment in favor of the defendant on its counter-claim for the amount of rent due of $495.